UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
(Victoria Division)

| | |
|---|---|
| INSTITUTE FOR ENERGY RESEARCH<br>2186 Briarglen Drive<br>Houston, TX 77027,<br><br>       Plaintiff,<br>v.<br><br>FEDERAL ENERGY REGULATORY<br>COMMISSION<br>888 First Street, NE<br>Washington, DC 20426,<br><br>       Defendant. | Case No. 6: 22-cv-42 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff INSTITUTE FOR ENERGY RESEARCH ("IER") for its complaint against Defendant FEDERAL ENERGY REGULATORY COMMISSION ("FERC"), alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*. for declaratory, injunctive, and other relief, seeking immediate processing and release of agency records responsive to one FOIA request by Plaintiff.

2. This suit follows FERC's failure to adequately search for, process or produce certain responsive information and/or records in violation of Defendant's lawful obligations comply with the express terms of FOIA and follows the denial of an administrative appeal.

**PARTIES**

3. Plaintiff IER is a non-profit public policy institute organized under the laws of the State of Texas and recognized under section 501(c)3 of the tax code, with research, publication and other media functions, as well as a transparency initiative seeking public records relating to environmental and energy policy and how policymakers use public resources, all of which

include broad dissemination of public information obtained under open records and freedom of information laws. It operates as a domestic entity in Texas and as a foreign entity in jurisdictions other than Texas.

4. Defendant FERC is an independent commission of the federal government that regulates the interstate transmission of electricity, natural gas, and oil. FERC also reviews proposals to build liquefied natural gas terminals and interstate natural gas pipelines as well as licensing hydropower projects. FERC operates throughout the United States, including in the Southern District of Texas.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because the defendant is a federal agency and this case is filed in the District of Columbia.

6. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because the Plaintiff is a Texas corporation with its registered office in this District and because the Defendant is a federal agency operating at least in part in this District.

7. IER is not required to further pursue administrative remedies with respect to its FOIA requests before seeking relief in this Court because it has already exhausted the administrative appeal process as regards to the request at issue.

**PLAINTIFF INSTITUTE FOR ENERGY RESEARCH'S JULY 29, 2022 REQUEST**

8. On July 29, 2022, Plaintiff submitted by fax and email a request to Defendant seeking copies of "all correspondence *between FERC and the White House* (including any office therein, whether the Office of White House Counsel, Office of Domestic Climate Policy, or other White House office or official), seeking or otherwise pertaining to consultation with the

   White House on FERC's processing of Freedom of Information Act requests FOIA-2022-0024 and/or -0036." (emphasis in original)

9. Plaintiff also noted, *inter alia*, "This does not seek the records on which FERC sought consultation, but only FERC's correspondence accompanying those records, and subsequent responsive correspondence."

10. On July 29, 2022, Defendant acknowledged Plaintiff's July 29, 2022 request, stating, *inter alia*, "This request has been assigned reference number FOIA-2022-0072."

11. On August 25, 2022, Defendant denied IER's request in full, stating, in pertinent part, "A search of the Commission's non-public files identified four (4) documents that may be responsive to your request. However, as discussed below, these documents are protected from disclosure pursuant to FOIA Exemption 5", FOIA's "deliberative process" exemption.

12. On August 26, 2022, IER administratively appealed this denial, including challenging the categorical withholding in full as improper, the withholding of certain purely factual information such as the parties to and date of the correspondence, likely the Subject field, etc., are not plausibly exempt as "deliberative," and that FERC is an independent commission and the White House has no role in formulating FERC decisions.

13. On September 26, 2022, Defendant took its sole statutory extension of time to respond to IER's appeal, again citing its "need for consultation… with another agency having a substantial interest in the determination of the request."

14. On October 3, 2022, Defendant FERC denied IER's administrative appeal in full and affirmed its refusal to release any of the four responsive records or information therein.

15. Defendant additionally argued that, even if the factual information of names of parties to correspondence is not deliberative, then it is exempt under FOIA's b6 exemption, as information of the sort found in personnel files.

16. Defendant's denial of the appeal was legally and factually erroneous. The information and records or portions of records at issue are not exempt from production under FOIA, do not contain "deliberations" among individuals of the type protected by Exemption 5, and are not "personnel"-type records covered by Exemption 6.

## FIRST CLAIM FOR RELIEF
### Duty to Produce Records – Declaratory Judgment

17. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

18. Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business.

19. Plaintiff has a statutory right to the information it seeks, and Defendant has unlawfully withheld the information.

20. Plaintiff is not required to further pursue administrative remedies.

21. Plaintiff asks this Court to enter a judgment declaring that:

    a. Plaintiff is entitled to records responsive to its FOIA request described above, and any attachments thereto, but Defendant has failed to provide the records;

    b. FERC's processing of Plaintiff's FOIA request described above is not in accordance with the law, and does not satisfy FERC's obligations under FOIA;

    c. FERC must now produce records responsive to Plaintiff's request, and must do so without cost to the Plaintiff.

## SECOND CLAIM FOR RELIEF
### Duty to Produce Records – Injunctive Relief

22. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

23. Plaintiff is entitled to injunctive relief compelling Defendant to produce the records responsive to the FOIA request described herein.

24. Plaintiff is entitled to injunctive relief compelling Defendant to grant the Plaintiff's requests in the alternative for a fee waiver.

25. Plaintiff asks the Court to enter an injunction ordering Defendant to produce to Plaintiff, within 20 business days of the date of the order, the requested records sought in Plaintiff's FOIA request described above, and any attachments thereto, at no cost to the Plaintiff.

26. Plaintiff asks the Court to order the Parties to consult regarding withheld documents and to file a status report to the Court within 30 days after Plaintiff receives the last of the produced documents, addressing Defendant's preparation of a *Vaughn* log and a briefing schedule for resolution of remaining issues associated with Plaintiff's challenges to FERC's withholdings, if any, and any other remaining issues.

## THIRD CLAIM FOR RELIEF
### Costs And Fees

27. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

28. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

29. This Court should enter an injunction or other appropriate order requiring the Defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

**PRAYER FOR RELIEF**

Institute for Energy Research respectfully requests this Court:

1. Assume jurisdiction in this matter, and maintain jurisdiction until the Defendant complies with FOIA and every order of this Court;

2. Declare Defendant has violated FOIA by failing to provide Plaintiff with the requested information, by claiming certain records are not public records, failing to grant Plaintiff's requests for fee waiver, and/or by failing to notify Plaintiff of final determinations within the statutory time limit;

3. Declare that the documents sought by the requests, as described in the foregoing paragraphs, are public records under 5 U.S.C. § 552 *et seq*. and must be disclosed;

4. Order Defendant to expeditiously provide the requested records to Plaintiff within 20 business days of the Court's order;

5. Award Plaintiff's attorneys their fees and other litigation costs reasonably incurred pursuant to 5 U.S.C. § 552(a)(4)(E); and

6. Grant such other relief as this Court deems just and proper.

Respectfully submitted this the 4th day of October, 2022,

INSTITUTE FOR ENERGY RESEARCH
By Counsel:

/s/ Matthew D. Hardin
Matthew D. Hardin, D.C. Bar No. 1032711[1]
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com

---

[1] Admitted in the Southern District of Texas on September 14, 2022. Southern District of Texas Federal ID No. 3791459.