**Declaration of Carolyn Templeton**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INSTITUTE FOR ENERGY RESEARCH,<br><br>　　Plaintiff,<br><br>　　v.<br><br>FEDERAL ENERGY REGULATORY COMMISSION,<br><br>　　Defendant. | Civil Action Nos. 22-cv-3419-CKK<br>& 22-cv-2756-CKK<br>(Consolidated) |

## DECLARATION OF CAROLYN TEMPLETON

I, Carolyn Templeton, declare as follows:

1.　　I am the Director of Strategic Operations & Special Projects in the Office of External Affairs ("OEA") of the Federal Energy Regulatory Commission ("FERC" or "Commission"). I declare that the following statements are true and correct to the best of my knowledge and belief and that they are based upon my personal knowledge and on information supplied to me by employees under my supervision and employees in other FERC offices.

2.　　FERC is an independent agency that regulates the interstate transmission of electricity, natural gas, and oil. FERC also reviews proposals to build liquefied natural gas terminals and interstate natural gas pipelines as well as licensing hydropower projects. FERC is headquartered in Washington, D.C., and is under the direction of Acting Chairman Willie Phillips.

3.　　I have served as the Director of Strategic Operations & Special Projects since December 18, 2022. OEA serves as FERC's primary contact point with the Congress, the public, international, Federal, state, and local government offices, and the news media. OEA is also responsible for developing public relations and other outreach strategies for FERC. In addition to these responsibilities, OEA also oversees the processing of Freedom of Information Act ("FOIA")

requests and Critical Energy Infrastructure Information (CEII) requests, pursuant to 18 C.F.R. § 388.113.

4. In fiscal year 2022, the Commission received 103 FOIA requests. The FOIA requests processed by FERC are often complex and may include large volumes of records, highly technical and scientific records, records from multiple geographic areas, cross-cutting programmatic issues, inter-agency coordination issues, and involve a variety of FOIA exemptions. To provide the greatest amount of disclosure, FERC employs three full-time employees that work to process FOIA requests and generally follows a "first-in, first-out" policy when responding to FOIA requests. General and Administrative Law in the Office of the General Counsel (OGC) assists in the processing of FOIA requests by reviewing the requests and assessing the legal basis for application of exemptions to responsive records.

5. My statements in this declaration are based on information provided to me by employees under my supervision, information provided by FERC staff in other offices, and information obtained by me in performance of my official duties. I am familiar with the Plaintiff's FOIA requests. This declaration will explain the steps taken to process Plaintiff's FOIA requests and provide an explanation of FERC's decision to withhold certain information responsive to the request.

6. In accordance with *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), FERC is submitting this declaration to provide the Court and Plaintiff with the procedures used to search for, review, and process the responsive records and FERC's justification for withholding information in part pursuant to FOIA Exemptions (b)(5) and (b)(6). FERC located nine (9) documents responsive to Plaintiff's FOIA requests. Four documents were produced in response to FOIA FY22-72 while the remaining five documents (i.e., excluding the four overlapping

documents from FY22-72) were produced in response to FOIA FY22-85. An index explaining FERC's redactions is attached as Exhibit A.

## ADMINISTRATIVE HISTORY OF PLAINTIFF'S FOIA REQUESTS

7. By letter dated July 29, 2022, the Plaintiff filed a FOIA request seeking copies of "all correspondence between FERC and the White House (including any office therein, whether the Office of the White House Counsel, Office of the Domestic Climate Policy, or other White House office or official) seeking or otherwise pertaining to consultation with the White House on FERC's processing of Freedom of Information Act requests, FOIA-2022-0024 and/or -0036."

8. Plaintiff's FOIA request explicitly stated that it did not "seek the records on which FERC sought consultation, but only FERC's correspondence accompanying those records, and subsequent correspondence."

9. On July 29. 2022, OEA staff sent an e-mail to Plaintiff acknowledging receipt of this request and providing the tracking number, FOIA-2022-0072 (FY22-72). The FERC staff attorney within the Office of General Counsel's General and Administrative Law Division assigned to the FOIAs 2022-0024 & -0036 searched their Microsoft Outlook account and located the responsive correspondences.

10. By letter dated August 25, 2022, OEA Deputy Director Benjamin Williams responded to the Plaintiff's request determining that the correspondences between FERC staff and the White House should be withheld in full pursuant to FOIA Exemption 5, 5 U.S.C. §552(b)(5).

11. By letter dated August 26, 2022, the Plaintiff filed an appeal concerning the August 25, 2022 Determination Letter.

12. On October 3, 2022, in response to Plaintiff's appeal, FERC General Counsel Matthew Christiansen upheld the withholding of the responsive documents under Exemption 5's deliberative process privilege and invoked the Exemption's attorney work-product.

13. On October 4, 2022, Plaintiff filed a complaint concerning this FOIA request in the United States District Court for the Southern District of Texas (Victoria Division), which was subsequently transferred to the United States District Court for the District of Columbia. This case has since been consolidated with a similar case related to FOIA-2022-85 (formerly, 22-cv-2756).

14. On January 13, 2023, Defendant provided Plaintiff with a discretionary partial release of the four (4) previously withheld documents with certain redactions made pursuant to FOIA Exemptions 5 & 6, 5 U.S.C. §§ 552(b)(5)-(6).

15. By letter received on August 12, 2022, Plaintiff filed a FOIA request seeking copies of "all correspondence between FERC and the White House (including any office therein, whether the Office of White House Counsel, Office of Domestic Climate Policy, or other White house office or official), seeking or otherwise pertaining to consultation with the White House on FERC's processing of any Freedom of Information Act request, from January 21, 2021, through August 12, 2022, inclusive."

16. On August 15, 2022, OEA staff sent an e-mail to Plaintiff acknowledging receipt of this request and providing the tracking number, FOIA-2022-85 (FY22-85).

17. On September 12, 2022, the Plaintiff filed a complaint concerning FOIA request FY22-85 alleging that FERC had failed to timely respond to its FOIA request.

18. By letter dated September 13, 2022, FERC OEA Director of State, International & Public Affairs Division, Robert Thormeyer, responded to Plaintiff's request on behalf of OEA Director Sarah Venuto by withholding nine responsive documents in-full pursuant to FOIA Exemption 5 – of which four were previously withheld in FOIA-2022-72.

19. On September 14, 2022, Plaintiff appealed the September 13, 2022 determination withholding of the nine responsive documents.

20. On October 10, 2022, FERC General Counsel Matthew Christiansen upheld the withholding of the nine responsive documents in full pursuant to Exemption 5's deliberative process privilege while also invoking attorney work-product privilege under Exemption 5.

21. On or about February 2, 2023, Defendant provided Plaintiff with a discretionary release of the remaining previously withheld documents with certain redactions made pursuant to FOIA Exemptions 5 & 6, 5 U.S.C. §§ 552(b)(5)-(6).

## ADEQUACY OF THE SEARCH

22. OGC confirmed that there are only nine documents reflecting communications between FERC and White House staffs pertaining to the processing of FOIA requests.

23. Upon receipt of FOIA Requests FY22-72 & FY22-85, it was directed to FERC's OGC and its General and Administrative Law (GAL) section to conduct a search for responsive documents. The attorneys within GAL are assigned to prepare FOIA determinations and review responsive documents in support of OEA for pending FOIA requests. GAL attorneys also assist with any potential correspondence and/or request to another executive branch agency for FOIA consultations concerning that particular agency's equities. Any communications concerning a FOIA consultation or preparation of a determination would be located in this office.

24. GAL staff searched their Microsoft Outlook accounts for any correspondence with the White House, or any office therein, concerning FERC's FOIA processing or consultations and located all correspondences responsive to Plaintiff's FOIA requests. This process was conducted for FY22-72 and FY22-85.

25. In conducting the search for responsive records, staff located four documents responsive to FOIA-2022-72, which sought communications concerning two separate FOIA requests from Plaintiff. Staff located nine documents responsive to FOIA-2022-85, which sought correspondence between FERC and White House staffs from January 21, 2021 to August 12, 2022

pertaining to any FOIA request consultations. Of these nine, four documents overlap with FY22-72.

26. I have confirmed with GAL staff that all repositories for potentially responsive documents have been searched. FERC searched all locations under its control that were likely to yield records responsive to Plaintiff's FOIA Requests, FY22-72 and FY22-85.

## **EXEMPTION 5 – PRIVILEGED INFORMATION**

27. FOIA Exemption 5 exempts from disclosure inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency. 5 U.S.C. § 552(b)(5). Non-exempt portions of records covered by Exemption 5, including purely factual information the disclosure of which would not have an impact on the deliberative process, or another interest protected by Exemption 5, were segregated from exempt information that was withheld in part.

28. FOIA Exemption 5 has been construed to exempt documents or information normally privileged in the civil discovery context, and incorporates the attorney work product, attorney-client, and deliberative process privileges. The deliberative process privilege protects pre-decisional, deliberative communications that are part of a process by which agency decisions are made. This includes opinions, advice, evaluations, deliberations, proposals, or recommendations that form part of an agency decision-making process, as well as the selection and sorting of factual information relied upon as part of the decision-making process. Secondarily, the attorney work-product privilege protects documents and other records prepared in contemplation for litigation and in effort to insulate the attorney's litigation preparations from scrutiny. This covers an attorney's thoughts and impressions, including any documents or memoranda prepared by the attorney in anticipation of foreseeable litigation. Also included is factual material, impressions, opinions, conclusions and legal theories. The work-product

privilege remains applicable to information shared with a party holding a common interest with the agency.

29. In order to apply FOIA Exemption 5's deliberative process privilege, agencies must first satisfy the threshold requirement – i.e., show that the information protected was "inter-agency or intra-agency." The FOIA statute defines an agency as including "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency". 5 U.S.C. § 552(f).

30. As it pertains to the portions of the documents withheld pursuant to FOIA Exemption 5's deliberative process privilege in this case, the inter-agency and/or intra-agency character of the portions is readily apparent on their face because the redactions cover discussions between attorneys within FERC's OGC and the White House Counsel's Office about the processing of Plaintiff's FOIA requests and the underlying responsive documents related thereto.

31. FERC asserted FOIA Exemption 5 to protect privileged deliberative material contained within the correspondences. The deliberative process privilege protects the internal deliberations of the government by exempting from release recommendations, analyses, speculation and other non-factual information prepared in anticipation of agency decision-making. The general purpose of the deliberative process privilege is to prevent injury to the quality of agency decisions. Thus, material containing or prepared in connection with the formulation of opinions, advice, evaluations, deliberations, policy formulation, proposals, conclusions or recommendations may properly be withheld. Release of this type of information would have an inhibitive effect upon the development of policy and administrative direction of an agency or the sharing of ideas amongst colleagues because it would chill the full and frank discussion between

agency personnel regarding a decision. Moreover, the release of staffs' preliminary assessments and internal discussions could mislead or cause public confusion because such information may not represent the agency's final decision on the matter.

32. The portions of the correspondences redacted under FOIA Exemption 5 reflect opinions, suggestions, and/or recommendations made during the consultation process regarding the FOIA documents responsive to Plaintiff's requests. FERC staff explains that the information contained in the communications were used in formulating FERC's response to the Plaintiff, including what type of information could be potentially released related to the equities of another agency. Information of this type, which is used in the adoption or formulation of an agency response reflect its predecisional status and that it is deliberative. *See e.g. Nat'l Sec. Counselors v. Cent. Intelligence Agency,* 206 F.Supp.3d 241, 280-81 (D.D.C. Sept. 6, 2016).

33. In addition, the disclosure of staffs' opinions, advice, evaluations, or recommendations would create a disincentive in the future for FERC staff to consult or communicate with White House staff (or any executive agency staff) regarding the processing of and response to a FOIA request that concerns their equities. If FERC staff are unable to freely engage in consultative process with their executive branch colleagues concerning the processing of FOIA responsive documents then the agency's ability to adequately respond to FOIA requests would be greatly diminished, which ultimately harms agency's decision-making process. Indeed, when a FOIA request involves another agency's equities, it is important to ascertain that agency's perspective and for staff to have candid discussions prior a determination being made. Moreover, the ability for staff to engage in open and transparent discussions without fear of this information being released to the public enables them to efficiently and effectively handle the day-to-day

operations of the agency, including processing FOIA requests. Such release would severely curtail this ability and hamper the agency's efficiency.

34. FERC asserted Exemption 5's attorney work-product privilege because the responsive records concerned ongoing litigation with the Plaintiff. At this time, Plaintiff was already actively engaged in its litigation against FERC concerning its FOIA requests, including FOIAs 2022-24 & 2022-36, which the underlying communications of this FOIA concern. The agency had reasonably expectations that Plaintiff would similarly subject FERC to additional litigation in effort to obtain the communications subject to FOIAs 2022-72 and 2022-85. These communications were created in the context of pending FOIA litigation, to help promote the legality and defense thereof. *See Citizens for Responsibility & Ethics in Washington v. NARA*, 583 F.Supp.2d 146, 158 (D.D.C. Oct. 28, 2008). Accordingly, because agency was already subject to ongoing litigation involving related FOIAs, it reasonably anticipated that the underlying communications and FOIA requests also would be subjected to litigation and therefore, warranted this additional protection.

35. I have reviewed the redactions that of the information withheld in part from the Plaintiff pursuant to FOIA Exemption 5. The redactions concern the opinions, advice, and recommendations about the responsive FOIA documents, including what content may be released or should be redacted. Certain factual information including the date and time of the correspondence, position titles and the subject matter of the communications were later released to the Plaintiff.

**EXEMPTION 6 – PERSONAL INFORMATION**

36. FOIA Exemption 6 exempts from disclosure certain files whose release would constitute a clearly unwarranted invasion of personal privacy. 5 U.S.C. § 552(b)(6).

9

37.     FOIA Exemption 6 has been utilized to protect personally sensitive information such as the names, phone numbers, and information of lower-level staff.

38.     Portions of the redacted information within the emails responsive to FOIA Requests FY22-72 & -85 include direct telephone numbers of FERC and White House staff, email addresses or full domains, and the names of lower-level FERC employees. This information was redacted pursuant to FOIA Exemption 6 due to the risk that this information, if released and posted publicly, would subject staff to further annoyance, threats, embarrassment, and harassment in the conduct of their official and private lives.

## SEGREGABILITY

39.     FERC performed a line-by-line and page-by-page review to identify information exempt from disclosure or for which a discretionary waive of exemption could be applied.

40.     All information not exempted from disclosure pursuant to the FOIA exemptions mentioned above was correctly segregated and non-exempt portions were released.

## CONCLUSION

41.     FERC reasonably processed the responsive documents to Plaintiff in releasing all reasonably segregable non-exempt information from the documents responsive to Plaintiff's FOIA requests. The redacted information was properly withheld pursuant to FOIA Exemptions (5) and (6). FERC carefully examined the documents and determined that the information withheld from Plaintiff in this case, if disclosed would either reveal privileged information or would cause a clearly unwarranted invasion of the personal privacy. After extensive review of the documents at issue, I have determined that there is no further non-exempt information that can be reasonably segregated and released without revealing exempt information.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing declaration is true and correct.

Executed this 5th day of May 2023.

_____
Carolyn R. Templeton
Director, Strategic Operations & Special Projects
Office of External Affairs
Federal Energy Regulatory Commission

*Signature: CAROLYN TEMPLETON, Digitally signed by CAROLYN TEMPLETON, Date: 2023.05.05 13:26:00 -04'00'*

11

**Exhibit A, Templeton Decl.**

**Vaughn Index**

IER v. FERC (22-cv-3419 & -2756 (consolidated), FOIAs FY22-72 & -85)     Vaughn Index     May 4, 2023

| Doc. No. | Date | Subject/Author/Recipient | Exemption(s) | Segregable | Justification |
|---|---|---|---|---|---|
| 1 | June 29, 2022 - June 23, 2022 | Email chain between Vanessa Le, White House Associate Counsel, and FERC attorneys<br><br>Subject: *Re: FOIA-2022-24 & 36 Consultation – FERC/WH Communications* | **Exemption 5** – deliberative process privilege; pre-decisional<br><br>**Exemption 6** | Yes | **Exemption 5** – The redactions apply to discussions concerning the FOIA consultation process within the Executive branch, including FERC's explanation of what information was redacted and a request for input.<br><br>**Exemption 6** – These redactions apply to personal information including names of non-senior staff, contact information, which are redacted for privacy purposes. Releasing this type of information would create the foreseeable harm of inviting unwanted intrusion or result in an unwarranted invasion of personal privacy interests. |
| 2 | June 29, 2022 - June 23, 2022 | Email chain between Vanessa Le, and FERC attorneys<br><br>Subject: *Re: FOIA-2022-24 Consultation – FERC/WH Communications [Email 1 of 2]* | **Exemption 5** – deliberative process privilege; pre-decisional<br><br>**Exemption 6** | Yes | **Exemption 5** – The redacted information concerns the FOIA consultation process within the Executive branch, including WH Counsel's opinion on FERC redactions and providing suggested additional FOIA redactions.<br><br>**Exemption 6** – These redactions apply to personal information including names of non-senior staff, contact information, which are redacted for privacy purposes. Releasing this type of information would create the foreseeable harm of inviting unwanted intrusion or result in an unwarranted invasion of personal privacy interests. |
| 3 | June 29, 2022 10:36:12 AM | Email chain between Vanessa Le and FERC attorneys<br><br>Subject: *Re: FOIA-2022-36-Consultation – FERC/WH Communications [Email 2/2]* | **Exemption 5** – deliberative process privilege; pre-decisional<br><br>**Exemption 6** | Yes | **Exemption 5** – The redactions apply to discussions concerning the FOIA consultation process within the Executive branch, including FERC's explanation of what information was redacted and a request for input.<br><br>**Exemption 6** – These redactions apply to personal information including names of non-senior staff, contact information, which are redacted for privacy purposes. Releasing this type of information would create the foreseeable harm of inviting unwanted intrusion or result in an unwarranted invasion of personal privacy interests. |

*IER v. FERC* (22-cv-3419 & -2756 (consolidated), FOIAs FY22-72 & -85)          *Vaughn* Index          May 4, 2023

| Doc. No. | Date | Subject/Author/Recipient | Exemption(s) | Segregable | Justification |
|---|---|---|---|---|---|
| 4 | August 10, 2022 – June 23, 2022 | Email chain between Vanessa Le and FERC attorneys<br><br>Subject: *Re: FOIA 2022-36 Consultation – FERC/WH Communications* | **Exemption 5** – deliberative process privilege<br><br>**Exemption 6** – privacy | Yes | **Exemption 5** – Redactions applied to a discussion concerning the FOIA consultation process within the Executive branch, including FERC's explanation about redactions and WH suggestions.<br><br>**Exemption 6** – These redactions apply to personal information including names of non-senior staff, contact information, which are redacted for privacy purposes. Releasing this type of information would create the foreseeable harm of inviting unwanted intrusion or result in an unwarranted invasion of personal privacy interests. |
| 5 | June 14, 2022 – June 23, 2022 | Email chain between Vanessa Le and FERC Attorneys<br><br>Subject: *RE FOIA Consultation Point of Contact* | **Exemption 5** – deliberative process privilege<br><br>**Exemption 6** – privacy | Yes | **Exemption 5** – Redactions applied to a discussion concerning how the WH has been applying FOIA Exemption 6. Redactions also include a discussion concerning which documents will potentially be withheld and which would be released.<br><br>**Exemption 6** – These redactions apply to personal information including names of non-senior staff, contact information, which are redacted for privacy purposes. Releasing this type of information would create the foreseeable harm of inviting unwanted intrusion or result in an unwarranted invasion of personal privacy interests. |
| 6 | June 14, 2022 – June 23, 2022 | Email chain between Vanessa Le and FERC Attorneys<br><br>Subject: *RE FOIA Consultation Point of Contact* | **Exemption 5** – deliberative process privilege<br><br>**Exemption 6** – privacy | Yes | **Exemption 5** – Redactions applied to discussions concerning how the WH has been applying FOIA Exemption 6 and discussing which documents FERC is considering to withhold.<br><br>**Exemption 6** – These redactions apply to personal information including names of non-senior staff, contact information, which are redacted for privacy purposes. Releasing this type of information would create the foreseeable harm of inviting unwanted intrusion or result in an unwarranted invasion of personal privacy interests. |

*IER v. FERC* (22-cv-3419 & -2756 (consolidated), FOIAs FY22-72 & -85)   *Vaughn* Index   May 4, 2023

| Doc. No. | Date | Subject/Author/Recipient | Exemption(s) | Segregable | Justification |
|---|---|---|---|---|---|
| 7 | June 14, 2022 – June 23, 2022 | Email chain between Vanessa Le and FERC Attorneys<br><br>Subject: *RE FOIA Consultation Point of Contact* | **Exemption 6 – privacy** | Yes | **Exemption 5** – Redactions applied to discussions concerning how the WH has been applying FOIA Exemption 6 and discussing which documents FERC is considering to withhold.<br><br>**Exemption 6** – These redactions apply to personal information including names of non-senior staff, contact information, which are redacted for privacy purposes. Releasing this type of information would create the foreseeable harm of inviting unwanted intrusion or result in an unwarranted invasion of personal privacy interests.<br><br>** Documents 5, 6, and 7 are the same email chain. They are broken down into three documents because the final email chain (Document 5) does not show the name of the attachments. |
| 8 | July 7, 2022 | Email chain between Vanessa Le and a FERC Attorney<br><br>Subject: *FOIA Consultation* | **Exemption 6 – privacy** | Yes | **Exemption 6** – These redactions apply to personal information including names of non-senior staff, contact information, which are redacted for privacy purposes. Releasing this type of information would create the foreseeable harm of inviting unwanted intrusion or result in an unwarranted invasion of personal privacy interests. |

| Doc. No. | Date | Subject/Author/Recipient | Exemption(s) | Segregable | Justification |
|---|---|---|---|---|---|
| 9 | July 7, 2022 | Email chain between Vanessa Le and a FERC Attorney<br><br>Subject: *RE FOIA Consultation* | **Exemption 6 – privacy** | Yes | **Exemption 6** – These redactions apply to personal information including names of non-senior staff, contact information, which are redacted for privacy purposes. Releasing this type of information would create the foreseeable harm of inviting unwanted intrusion or result in an unwarranted invasion of personal privacy interests.<br><br>** Documents 8 and 9 are the same email chain. They are broken down into two documents because the final email chain (Document 9) does not show the name of the attachments. |