UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INSTITUTE FOR ENERGY RESEARCH,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL ENERGY REGULATORY COMMISSION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 22-3419 (CKK)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S STATEMENT OF GENUINE
ISSUES OF MATERIAL FACT**

Pursuant to Local Civil Rule 7(h), Plaintiff submits this statement of genuine issues of material facts.

1. Defendant's Statement of Material Fact #1:

    Plaintiff submitted a FOIA request to FERC dated July 29, 2022.

    Declaration of Carolyn Templeton ("FERC Decl.") ¶ 7.

Plaintiff's Response to Statement #1: ADMITTED.

2. Defendant's Statement of Material Fact #2:

    Plaintiff's FOIA request explicitly stated that it did not "seek the records on which FERC sought consultation, but only FERC's correspondence accompanying those records, and subsequent correspondence." Templeton Decl. ¶ 8. The same day, FERC acknowledged Plaintiff's request, and assigned it tracking number, FOIA-2022-0072. Compl. 22-3419, ¶ 10.

Plaintiff's Response to Statement #2: ADMITTED.

3. Defendant's Statement of Material Fact #3:

>On August 25, 2022, FERC communicated to Plaintiff its determination with respect to FOIA-2022-0072, that the correspondences between FERC staff and the White House would be withheld in full pursuant to FOIA Exemption 5. Compl. 22-3419, ¶ 11. The next day, Plaintiff filed an appeal challenging that determination. Id. at ¶ 12.

Plaintiff's Response to Statement #3: ADMITTED.

4. Defendant's Statement of Material Fact #4:

>On October 3, 2022, FERC denied Plaintiff's administrative appeal of FOIA-2022-0072, and upheld its withholding of responsive documents under Exemption 5's deliberative process privilege, and further invoked Exemption 5's attorney work-product privilege, and Exemption 6's personal privacy privilege. Compl. 22-3419, ¶ 14; see also Templeton Decl., ¶ 12. On October 4, 2022, Plaintiff filed Case No. 1:22-cv-3419, challenging FERC's withholding determinations.

Plaintiff's Response to Statement #4: ADMITTED.

5. Defendant's Statement of Material Fact #5:

>Since the filing of Case No. 1:22-cv-3419, FERC has released four responsive documents in part, with redactions pursuant to Exemption 5 (deliberative process) and Exemption 6 (personal privacy). As to Exemption 5, FERC maintains that the documents related to the consultation process between agency and White House counsel contain pre-decisional discussions conveying their thoughts, impressions, and recommendations regarding FERC's eventual decisions on responsiveness and legal exemptions to be applied. As to

>Exemption 6, FERC maintains that the documents contain personal identifying information, such as names and email addresses, of lower-level agency staff.

Plaintiff's Response to Statement #9: Objected to pursuant to Fed. R. Civ. P. 56 (c)(2) and (c)(4) to the extent that Defendant claims its invocation of Exemptions 5 and/or 6 are proper. Plaintiff admits that Defendant withholds the information by claiming Exemptions 5 and 6, not that the information is properly withheld pursuant to the claimed exemptions. To the extent that Defendant claims its invocation of Exemptions 5 and/or 6 are proper, without waiving objections, this statement is DENIED. Plaintiff ADMITS the rest of Defendant's Statement #5.

6. Defendant's Statement of Material Fact #6:

>Plaintiff filed a second FOIA request on August 12, 2022. This second request sought "all correspondence between FERC and the White House (including any office therein, whether the Office of White House Counsel, Office of Domestic Climate Policy, or other White house office or official), seeking or otherwise pertaining to consultation with the White House on FERC's processing of *any* Freedom of Information Act request*, from January 21, 2021, through August 12, 2022*." Compl. 22-2756, ¶ 9 (emphasis added). On August 15, 2022, FERC acknowledged receipt of this second, broader request, and assigned it tracking number, FOIA-2022-*85*.

Plaintiff's Response to Statement #6: ADMITTED.

7. Defendant's Statement of Material Fact #7:

>On September 12, 2022, Plaintiff filed Case No. 1:22-cv-2756, alleging that FERC had failed to timely respond to the second, broader request, FOIA-2022-*85*. *See generally* Compl. 22-2756.

Plaintiff's Response to Statement #7: ADMITTED.

8. Defendant's Statement of Material Fact #8:

> Since the filing of Case No. 1:22-cv-2756, FERC has released nine responsive documents, in part, which include the four responsive documents from FOIA-2022-0072. Templeton Decl. ¶ 18.

Plaintiff's Response to Statement #8: ADMITTED.

9. Defendant's Statement of Material Fact #9:

> As with FOIA-2022-0072, this second release contained redactions pursuant to Exemption 5 (deliberative process) and Exemption 6 (personal privacy). Templeton Decl. ¶ 21.

Plaintiff's Response to Statement #9: Objected to pursuant to Fed. R. Civ. P. 56 (c)(2) and (c)(4) to the extent that Defendant claims its invocation of Exemptions 5 and/or 6 are proper. Plaintiff admits that Defendant withholds the information by claiming Exemptions 5 and 6, not that the information is properly withheld pursuant to the claimed exemptions. To the extent that Defendant claims its invocation of Exemptions 5 and/or 6 are proper, without waiving objections, this statement is DENIED. Plaintiff ADMITS the rest of Defendant's Statement #9.

Respectfully submitted,

*/s/ Matthew D. Hardin*
Matthew D. Hardin, D.C. Bar # 1032711
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
(202) 802-1948
MatthewDHardin@gmail.com