UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INSTITUTE FOR ENERGY RESEARCH,<br><br>          Plaintiff,<br><br>     v.<br><br>FEDERAL ENERGY REGULATORY<br>COMMISSION,<br><br>          Defendant. | Civ. A. Nos. 22-2756, 22-3419 (CKK)<br>Consolidated |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND MEMORANDUM IN SUPPORT THEREOF**

Defendant Federal Energy Regulatory Commission ("FERC") hereby submits this Reply in further support of its Motion for Summary Judgment (ECF No. 17). Plaintiff argues in its Memorandum in Opposition (ECF No. 18) that: (1) FERC's Vaughn index is insufficiently detailed to show the redacted information is exempt; (2) Exemption 6 does not justify FERC's redaction of agency employee names and "other non-sensitive information"; (3) FERC does not show the harm in revealing the redacted information; (4) FERC fails to show that all reasonably segregable non-exempt information has been released; and (5) FERC fails to set forth material facts on which summary judgment can be granted. All of Plaintiff's arguments lack merit.

I.     **FERC's Vaughn Index and Supporting Declaration are Sufficiently Detailed for the
       Court to Award Summary Judgment.**

Plaintiff takes issue with what it calls a failure of FERC to meet "the most basic requirement for a *Vaughn* Index: listing the names of all senders and recipients of withheld documents." ECF No. 18, at 3. With this criticism, Plaintiff wants this Court to impose upon FERC a duty to list specific information—information at the very heart of one of the privileges FERC claims—that does not exist within the law of this Circuit. Plaintiff points to non-binding authority

from the District of Delaware, *Coastal Corp. v. Dep't of Energy*, 496 F. Supp. 57, 59 (D. Del. 1980), and a specific court order in *People for the American Way Found. v. Department of Education*, 516 F. Supp. 2d 28, 31 (D.D.C. 2007), as support. ECF No. 18, at 3-4. But as the D.C. Circuit has held, there is "no fixed rule" establishing what a *Vaughn* Index or agency affidavit (which may sometimes take the form of a *Vaughn* Index) must look like. *Citizens for Resp. & Ethics in Wash. ("CREW") v. Dep't of Just.*, 746 F.3d 1082, 1088 (D.C. Cir. 2014). Rather, "it is the function, not the form, of the index that is important." *Id.* (citation omitted). That function is quite simply: to "adequately describe each withheld document, state which exemption the agency claims for each withheld document, and explain the exemption's relevance." *People for the Am. Way*, 516 F. Supp. 2d at 34 (citing *Vaughn v. Rosen*, 484 F.2d 820, 827 (D.C. Cir. 1973). Even the Court in *People for the American Way*, upon which Plaintiff relies, recognized this as the law of this Circuit. So long as the Index and any accompanying affidavit or declaration describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor evidence of agency bad faith," the Court may grant summary judgment. *Id.*

FERC, with its *Vaughn* Index and accompanying declaration, has met its burden of establishing that the claimed exemptions apply, according to the criteria set by the law of this Circuit. For each document in the Index, FERC has provided a description of the type of document, the date, the subject being discussed, a description of the participants in the discussion, the claimed exemptions and justifications for each, and whether the information is segregable. Where the document contains the very information FERC is hoping to protect under Exemption 6—e.g., personal information of non-senior staff, FERC provided their general descriptions as opposed to

their names and contact information, which is permissible for it to do. As demonstrated in FERC's opening memo, "[w]hile the status of an individual as a federal employee may diminish their privacy interest, the level of responsibility held by a federal employee is also a relevant consideration when determining whether their involvement in a particular matter implicates a privacy interest." *Stonehill v. Dep't of Just.*, Civ. A. No. 19-3770, 2022 U.S. Dist. LEXIS 24285, at *57 (D.D.C. Feb. 10, 2022) (internal citation omitted); ECF No. 17, at 13-14. The identity of low-level agency employees in an email does not shed light on the government. *Id.*; *see also Jud. Watch, Inc. v. United States*, 84 F. App'x 335, 339 (4th Cir. 2004) ("in conducting the Exemption 6 analysis here we must weigh the privacy interest of lower level federal employees in the nondisclosure of their names against . . . the extent to which disclosure of the information sought would shed light on an agency's performance of its statutory duties or otherwise let citizens know what their government is up to.").

In addition to adequately describing each withheld document, stating which exemption the agency claims for each withheld document, and explaining the exemptions' relevance, FERC has provided plenty of information, as explained by the Templeton Declaration and as identified in the Index, to help the Court evaluate the redactions.

**II.**     **FERC has Asserted Significant Privacy Interests for the Names of Employees**

Instead of presenting a meaningful public interest against which to weigh FERC's redaction of lower-level employees' information, Plaintiff argues that the names of civil servants can never be withheld. But this is not so. It is well-recognized that private citizens and government employees have a privacy interest in their "names and addresses, the release of which could create a palpable threat to privacy." *Jud. Watch, Inc. v. FDA*, 449 F.3d 141, 152 (D.C. Cir. 2006). Plaintiff's legal argument is tethered to caselaw that is largely irrelevant, distinguishable, or which support FERC's withholdings. For example, Plaintiff ventures outside the well-plowed ground of

FOIA Exemption 6, reaching for a citation to a state court decision regarding a different statute—
*International Federation of Professional & Technical Engineers v. Superior Court*, 64 Cal. Rptr.
3d 693 (Cal. 2007), a California Supreme Court decision concerning that state's Public Records
Act. This has no bearing on FOIA and the privacy interests that FOIA Exemption 6 is designed to
protect. Plaintiff continues its struggle to find support for its proposition by citing an out of district
case, *Nat'l W. Life Ins. v. United States*, 512 F. Supp. 454 (N.D. Tex. 1980). But that case, too, is
inapposite. There, plaintiff sought a rote listing of names and duty stations of postal employees.
The court in that case contrasted that request with those for employee information "related to job
performance" that "would have caused extreme embarrassment" and would be properly withheld
under Exemption 6.

Plaintiff urges the Court to discredit FERC's Exemption 6 arguments based upon the
Justice Department's FOIA guide.  ECF No. 18, at 10. The guide states, in part, "[c]ivilian federal
employees who are not involved in law enforcement or sensitive occupations *generally* have no
expectation of privacy regarding their names." *Id.* (emphasis added); *see also Dep't of Just.Guide
to the Freedom of Information Act: Exemption 6*, at 19, available at https://www.justice.gov/
oip/page/file/1207336/download#page=19. But Plaintiff's reliance upon the FOIA guide is
misplaced and its summary of the guide's contents is incomplete. The same guide acknowledges,
in the very next sentence, that "[c]ourts have reached different conclusions as to whether work
contact information for federal employees should be protected," and goes on to cite cases in which
this Court found that such information should be protected under Exemption 6. *See*, *e.g.*, *Shurtleff
v. EPA*, 991 F. Supp. 2d 1, 18-19 (D.D.C. 2013) (protecting work email addresses of EPA
Administrator and Executive Office of the President personnel due to significant privacy interest
of such individuals in avoiding harassment and unsolicited email). The guide acknowledges that

there are some instances where the relevant employee's position and role, and the substance of the underlying agency action, and the nature of the agency record at issue are relevant to the question of redactions under Exemption 6. In short, contrary to what Plaintiff would have this Court believe, it finds no clear-cut support for its position even the Justice Department's FOIA guide.

Here, FERC redacted information under Exemption 6 that implicate significant privacy interests, the disclosure of which would constitute a clear, unwarranted invasion of privacy. Specifically, the Agency withheld direct telephone numbers of FERC and White House staff, email addresses or full domains, and the names of lower-level employees.  Templeton Decl. ¶ 37; Ex. A, Templeton Decl. This information was redacted due to the risk that this information, if released and posted publicly, would subject staff to further annoyance, threats, embarrassment, and harassment in the conduct of their official and private lives. Plaintiff points to no public interest outweighing the privacy interests implicated, given that disclosure of the information would not reveal the operations or activities of the federal government.

**III.    FERC Has Sufficiently Demonstrated Foreseeable Harm Justifying Its Redactions Under Exemption 5.**

Plaintiff argues that FERC has used bare and conclusory language in its demonstration of the foreseeable harm underlying its claim of the deliberative process privilege . ECF No. 18, at 14. Exemption 5's deliberative process privilege protects agencies "from being 'forced to operate in a fishbowl.'" *Advancement Project v. Dep't of Homeland Sec.*, Civ. A. No. 19-0052 (RC), 2022 WL 4094061, at *3 (D.D.C. Sept. 7, 2022) (citation omitted). The privilege recognizes "that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news." *Id.* And as courts in this Circuit have recognized, "[t]here should be considerable deference to the [agency's] judgment as to what constitutes . . . 'part of the agency give-and-take—of the deliberative process—by which the decision itself is made'" because the

agency is best situated "to know what confidentiality is needed 'to prevent injury to the quality of agency decisions[.]'" *Chem. Mfrs. Ass'n v. Consumer Prod. Safety Comm'n*, 600 F. Supp. 114, 118 (D.D.C. 1984) (quoting *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 151, (1975)).

Here, FERC explained the deliberative process at issue, and the harm that subjecting this type of information to public scrutiny—even in instances where the agency determines not to make a decision—would cause. The *Vaughn* Index specifically describes the deliberations taking place in the documents and requiring protection from disclosure. For example, Document No. 1 is described as a discussion concerning the FOIA consultation process within the Executive Branch, including FERC's explanation of what information was redacted and requests for input. ECF No. 17-1, at 1. As FERC explained, subjecting these types of deliberation to public scrutiny would significantly inhibit the day-to-day operations of the agency and would potentially send the wrong message to the public. *See* ECF No. 17, at 8-9; Templeton Decl., ¶ 33. Not only is Plaintiff's characterization of FERC's explanation meritless when compared to the information provided in the *Vaughn* Index, but it also provides no justification for overriding the considerable deference given to the agency's judgment of its give-and-take process. FERC has sufficiently demonstrated the foreseeable harms that would result from releasing deliberative process information.

## IV.    FERC Has Sufficiently Demonstrated that All Reasonably Segregable Non-Exempt Information Has Been Released.

Plaintiff argues that because FERC has not disclosed exactly which attorneys within its General and Administrative Law section conducted the review of the records or by what methodology, then FERC has failed to demonstrate that all segregable non-exempt information has been released. ECF NO. 18, at 18-19. But Plaintiff fails to explain how the disclosure of which General and Administrative Law section attorneys conducted the review supports their allegation that the documents were not reasonably segregated. Moreover, Plaintiff ignores FERC's

explanation that a "line-by-line, page-by-page" methodology was used to review and "identify information exempt from disclosure or for which a discretionary waive[r] of exemption could be applied," and to ensure that all non-exempt information was correctly segregated and released. Templeton Decl., ¶¶ 39-40.  Plaintiff has failed to provide any quantum of evidence to overcome the presumption that FERC complied with its obligation to disclose reasonably segregable material. *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1117 (D.C. Cir. 2007) ("Agencies are entitled to a presumption that they complied with the obligation to disclose reasonably segregable material," which must be overcome by some "quantum of evidence" by the requester.).

## V.       **FERC's Statement of Material Facts Meets the Requirements of Local Rule 7(h).**

Finally, Plaintiff takes issue with FERC's Statement of Material Facts accompanying its Motion for Summary Judgment. Specifically, Plaintiff accuses FERC of violating Local Rule 7(h) by  failing to list any facts, while, in the same breath, accusing FERC of "discussing merely the factual background giving rise to this lawsuit." ECF No. 18, at 19. This is both disingenuous and a misstatement of the law. FERC's Statement of Material Facts goes beyond the factual background of the lawsuit to provide facts arising "since the filing of [the case]," *e.g.*, details concerning FERC's release of documents, and point to the parts of the record relied upon, for example the Complaint, and the Templeton Declaration. *See*, *e.g.*, ECF No. 17 at 24 ¶¶ 5, 8-9.

More importantly, however, this Court has clarified that the issue concerning the Rule 7(h) Statement of Material Facts "is whether the statement includes references to the parts of the record relied on to support the statement so as to isolate the material facts, distinguish disputed from undisputed facts, and identify the pertinent parts of the record." *Robertson v. Am. Airlines*, 239 F. Supp. 2d 5, 8 (D.D.C. 2002) (citation omitted) (discussing the prior LCvR 56.1). In *Robertson*, the Court determined that FERC's statement, which merely directed the court to the body of their own

argument and the references contained therein, did not fulfill the Local Rule requirement for summary judgment motion statements of material fact. Plaintiff has not shown how FERC's statement fails to isolate the material facts, distinguish disputed from undisputed facts, and identify the pertinent parts of the record.  Thus, Plaintiff's argument concerning FERC's statement of undisputed material facts fails.

## CONCLUSION

All the redactions FERC applied are allowed under Exemptions 5 and 6, as demonstrated by its sufficiently detailed Vaughn Index and the Templeton Declaration. Additionally, FERC has sufficiently demonstrated that all reasonably segregable nonexempt information has been disclosed to Plaintiff. For these reasons, the Court should enter summary judgment for FERC.

Dated: August 3, 2023
      Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: /s/ L'Shauntee J. Robertson
    L'SHAUNTEE J. ROBERTSON, D.C. BAR #980248
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    202-252-1729
    Lshauntee.robertson@usdoj.gov

*Attorneys for the United States of America*