## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| |
|---|
| INSTITUTE FOR ENERGY RESEARCH,<br><br>      Plaintiff,<br><br>      v.<br><br>FEDERAL ENERGY REGULATORY<br>COMMISSION,<br><br>      Defendant. |

Civil Action No. 22-3419 (CKK)

## MEMORANDUM OPINION
(July 25, 2024)

This lawsuit arises from two Freedom of Information Act ("FOIA") requests made by Plaintiff Institute for Energy Research ("IER") to Defendant Federal Energy Regulatory Commission ("FERC"). Both requests sought records regarding FERC's processing of previous FOIA requests made by IER for records related to communications between FERC and the White House. In the instant suit, Plaintiff IER challenges whether FERC lawfully redacted information under FOIA Exemptions 5 and 6 in response to its two prior requests.

Now pending before the Court is Defendant's [17] Motion for Summary Judgment. *See* Def.'s Mot. Upon review of the pleadings,[1] the relevant legal authorities, and the record as a

---

[1] The Court's consideration has focused on the following documents:
- Plaintiff's Complaint ("Compl."), ECF No. 1;
- Defendant's Motion for Summary Judgment ("Def.'s Mot."), ECF No. 17;
- Defendant's Statement of Material Facts as To Which There is No Genuine Dispute ("Def.'s Statement"), ECF No 17 at 17–19;
- Plaintiff's Opposition to Defendant's Motion for Summary Judgment ("Pl.'s Opp'n"), ECF No. 18; and
- Defendant's Reply in Support of Defendant's Motion for Summary Judgment ("Def.'s Reply"), ECF No. 19.

whole, the Court that finds that FERC has carried its burden of demonstrating that it has redacted certain records appropriately. The Court shall therefore **GRANT** Defendant's Motion for Summary Judgment.

## I. BACKGROUND

### A. Factual Background

The instant litigation involves two separate but related FOIA requests, which, in turn, are regarding Plaintiff's earlier FOIA requests. On July 29, 2022, Plaintiff IER submitted the first FOIA request at issue, FOIA-2022-0072, ("Request No. 72") to Defendant FERC seeking:

> [A]ll correspondence between FERC and the White House (including any office therein, whether the Office of White House Counsel, Office of Domestic Climate Policy, or other White House office or official), seeking or otherwise pertaining to consultation with the White House on FERC's processing of Freedom of Information Act Requests FOIA-2022-0024 and/or -0036…. This does not seek the records on which FERC sought consolation, but only FERC's correspondence accompanying those records, and subsequent responsive correspondence.

Compl. ¶¶ 8–9 (emphasis omitted). On August 25, 2022, FERC notified IER that it had identified four potentially responsive documents but that it would be withholding them in full pursuant to FOIA Exemption 5. *Id.* ¶ 11; Def.'s Mot. at 2. Plaintiff IER administratively appealed this denial the following day, Compl. ¶ 12, which FERC denied on October 3, 2022, *id.* ¶ 14. Plaintiff then filed an action in the United States District Court for the Southern District of Texas challenging FERC's withholding determinations for Request No. 72; this case was subsequently transferred to the United States District Court for the District of Columbia. *See* Def.'s Mot. at 2; Order, *Inst. for Energy Rsch. v. Fed. Energy Regul. Comm'n*, No. 22-cv-3419 (CKK) (D.D.C. Nov. 4, 2022), ECF No. 7 (order transferring case to this court). Since Plaintiff's

---

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

filing of this lawsuit, FERC has released four responsive documents in part, with redactions pursuant to Exemptions 5 and 6.  Def.'s Mot. at 3.

While Plaintiff's FOIA Request No. 72 was pending, it filed a second request on August 12, 2022, FOIA-2022-0085, ("Request No. 85"), which broadened its previous request.  Def.'s Mot. at 3.  In Request No. 85, Plaintiff IER sought:

> [A]ll correspondence between FERC and the White House (including any office therein, whether the Office of the White House Counsel, Office of Domestic Climate Policy, or other White House office or official), seeking or otherwise pertaining to consultation with the White House on FERC's processing of any Freedom of Information Act request, from January 21, 2021, through August 12, 2022.

*Id.* (emphasis omitted).  On September 12, 2022, IER filed an action in the United States District Court for the District of Columbia regarding Request No. 85, alleging that FERC had failed to timely respond to that request.  *Id.*; *see* Compl., *Inst. for Energy Rsch. v. Fed. Energy Regul. Comm'n*, No. 22-cv-2756 (CKK) (D.D.C. Sept. 12, 2022), ECF No. 1.  On September 13, FERC responded to IER's Request No. 85 by identifying nine responsive documents, which included the four it had previously deemed responsive to Request No. 72, and withholding them in full pursuant to FOIA Exemption 5.  Def.'s Mot. Ex. A at 1–12 ("Templeton Decl.") ¶ 18.  On September 14, 2022, Plaintiff filed an appeal.  *Id.* ¶ 19.  On October 10, 2022, FERC upheld the withholding in full.  *Id.* ¶ 20.  On or about February 2, 2023, FERC provided IER with a discretionary release of the remaining previously withheld documents with redactions pursuant to Exemptions 5 and 6.  *Id.* ¶ 21.

### B.  Procedural History

As previously noted, Plaintiff has filed two separate complaints: Case Nos. 22-2756 (regarding Request No. 85) and 22-3419 (regarding Request No. 72).  On March 27, 2023, the Court consolidated the two cases and ordered that all future filings in these consolidated cases

should be made only in Case No. 22-3419.  Order, *Inst. for Energy Rsch. v. Fed. Energy Regul. Comm'n*, No. 22-cv-2756 (CKK) (D.D.C. Mar. 27, 2023), ECF No. 17.  On May 5, 2023, FERC filed the pending Motion for Summary Judgment, which is now fully briefed and ripe for resolution.  In support of its Motion, Defendant includes a *Vaughn* Index, *see* Def.'s Mot. Ex. A at 14–17 ("*Vaughn* Index"), and the declaration of Carolyn Templeton, FERC's Director of Strategic Operations & Special Projects in the Office of External Affairs, *see* Templeton Decl.

## II. LEGAL STANDARD

Congress enacted the Freedom of Information Act, 5 U.S.C. § 552, to "pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny."  *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976) (citation omitted).  Congress remained sensitive to the need to achieve balance between these objectives and the potential that "legitimate governmental and private interests could be harmed by release of certain types of information."  *Critical Mass Energy Project v. Nuclear Regul. Comm'n*, 975 F.2d 871, 872 (D.C. Cir 1992) (en banc) (citation omitted), *cert. denied*, 507 U.S. 984 (1993).  To that end, FOIA "requires federal agencies to make Government records available to the public, subject to nine exemptions for categories of material."  *Milner v. Dep't of Navy*, 562 U.S. 562, 564 (2011).  Ultimately, "disclosure, not secrecy, is the dominant objective of the act."  *Rose*, 425 U.S. at 361.  For this reason, the "exemptions are explicitly made exclusive, and must be narrowly construed."  *Milner*, 562 U.S. at 565.

"FOIA cases typically and appropriately are decided on motions for summary judgment." *Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009) (PLF) (citing *Bigwood v. U.S. Agency for Int'l Dev.*, 484 F. Supp. 2d 68, 73 (D.D.C. 2007) (PLF)).  "The agency is entitled to summary judgment if no material facts are genuinely in dispute and the

agency demonstrates that its search for responsive records was adequate, that any exemptions claimed actually apply, and that any reasonably segregable non-exempt parts of records have been disclosed after redaction of exempt information." *Prop. of the People, Inc. v. Off. of Mgmt. & Budget*, 330 F. Supp. 3d 373, 380 (D.D.C. 2018) (RC) (citation omitted).  The burden is on the agency to justify its response to the plaintiff's request.  5 U.S.C. § 552(a)(4)(B).  "An agency may sustain its burden by means of affidavits, but only if they contain reasonable specificity of detail rather than merely conclusory statements, and if they are not called into question by contradictory evidence in the record or by evidence of agency bad faith." *Multi Ag Media LLC v. Dep't of Agric.*, 515 F.3d 1224, 1227 (D.C. Cir. 2008) (citation omitted).  "If an agency's affidavit describes the justifications for withholding the information with specific detail, demonstrates that the information withheld logically falls within the claimed exemption, and is not contradicted by contrary evidence in the record or by evidence of the agency's bad faith, then summary judgment is warranted on the basis of the affidavit alone." *Am. C.L. Union v. Dep't of Defense*, 628 F.3d 612, 619 (D.C. Cir. 2011) (citations omitted).  "Uncontradicted, plausible affidavits showing reasonable specificity and a logical relation to the exemption are likely to prevail." *Ancient Coin Collectors Guild v. Dep't of State*, 641 F.3d 504, 509 (D.C. Cir. 2011) (citation omitted).

### III. DISCUSSION

Plaintiff's lawsuit challenges whether FERC lawfully redacted information under FOIA Exemptions 5 and 6.  In the pending motion, Defendant FERC seeks summary judgment as to the appropriateness of its claimed exemptions; Plaintiff opposes Defendant's Motion, challenging Defendant's withholdings and redactions for numerous reasons, but not contesting the adequacy

of Defendant's search.[2]  Plaintiff also argues in its reply brief that Defendant has failed to

properly set forth material facts on which summary judgment may be granted in violation of

Local Rule 7(h)(1).  For the reasons below, the Court concludes that Defendant has carried its

burden of demonstrating that it has redacted responsive records appropriately, released all

reasonably segregable non-exempt material, and fully complied with Local Rule 7(h)(1).

Accordingly, the Court shall grant Defendant's Motion for summary judgment.

### A. FOIA Exemption 5

Defendant argues that it properly applied Exemption 5 to redact seven of the nine

responsive documents.  *See* Def.'s Mot. at 8–12.  The Court agrees that these redactions were

properly made pursuant to the deliberative process privilege.

Exemption 5 protects "inter-agency or intra-agency memorandums or letters that would

not be available by law to a party other than an agency in litigation with the agency."  5 U.S.C. §

552(b)(5).  It applies to materials that would be privileged in the civil discovery context, such as

materials protected by the deliberative process privilege, the attorney-client privilege, and the

attorney work-product privilege.  *N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1975).

In order to "justify nondisclosure under Exemption 5, an agency must show that the type of

material it seeks to withhold is generally protected in civil discovery for reasons similar to those

asserted by the agency in the FOIA context."  *Burka v. Dep't of Health & Human Servs.*, 87 F.3d

508, 517 (D.C. Cir. 1996).

---

[2] *See* Def.'s Mot. at 1 n.1 ("Plaintiff does not appear to challenge the adequacy of the search.");
*see also* Pl.'s Opp'n (not denying this argument).  Defendant nevertheless affirms that "all
repositories for potentially responsive documents were searched."  *Id.*

### 1.   Inter-Agency or Intra-Agency Communications

To begin, the Court must consider whether these records are of the type intended to be covered by the phrase "inter-agency or intra-agency memorandums." 5 U.S.C. § 552(b)(5). Plaintiff argues that this threshold requirement has not been met, claiming that Exemption 5 cannot apply to communications with the White House because the White House is not an "agency" as defined in 5 U.S.C. § 552.  Pl.'s Opp'n at 5 n.1; *see Meyer v. Bush*, 981 F.2d 1288, 1293 (D.C. Cir. 1993) (citing *Nat. Sec. Archive v. Archivist of the U.S.*, 909 F.2d 541, 545 (D.C. Cir. 1990) ("the White House Counsel's Office is not a FOIA agency")).  However, in this jurisdiction, communications with the White House Counsel's Office may nonetheless qualify as intra- or inter-agency communications under Exemption 5.  *See Jud. Watch., Inc. v. Dep't of State*, 306 F. Supp. 3d 97, 109 (D.D.C. 2018) (RC) (quoting *Jud. Watch, Inc. v. Consumer Fin. Protection Bureau*, 60 F. Supp. 3d 1, 10 (D.D.C. 2014) (EGS) (the "threshold requirement is satisfied for communications exchanged between agencies and the Office of the President, even though that office is not an agency for the purposes of FOIA.")); *Buzzfeed, Inc. v. F.B.I.*, 613 F. Supp. 3d 453, 464–66  (D.D.C. 2020) (BAH) (holding that documents created by the FBI and sent to White House Counsel's Office, a "non-agency government entity," fulfilled Exemption 5's intra-agency requirement).

Accordingly, FERC's communications with the White House Counsel's Office satisfy this threshold requirement.

### 2.   Deliberative Process Privilege

The Court must next determine whether the redacted information falls "within the ambit of a privilege against discovery under judicial standards that would govern litigation against the agency that holds it."  *U.S. v. Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532

U.S. 1, 8 (2001).  Defendant FERC argues that the seven documents were redacted pursuant to the deliberative process privilege and attorney work-product privilege.  The Court now turns to analysis under the deliberative process privilege.

### a.  Pre-decisional and Deliberative

For the deliberative process privilege to apply under Exemption 5, the Court must determine that the material is both pre-decisional and deliberative.  *Wolfe v. Dep't of Health & Human Servs.*, 839 F.2d 768, 774 (D.C. Cir. 1988) (en banc).  "Additionally, because Exemption 5's goal is to "prevent injury to the quality of agency decisions," the deliberative process privilege can apply only to "materials [that] bear on the formulation or exercise of agency policy-oriented *judgment*."  *Petroleum Info. Corp. v. Dep't of the Interior*, 976 F.2d 1429, 1434–35 (D.C. Cir. 1992) (emphasis in original).  Documents containing advisory opinions and recommendations or reflecting deliberations comprising the process by which government policy is formulated are protected, *Mead Data*, 566 F.2d at 256; however, documents that do not "discuss the wisdom or merits of a particular agency policy, or recommend new agency policy[,]" are not.  *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 869 (D.C. Cir 1980).

As Defendant explains, the seven documents redacted pursuant to the deliberative process privilege consisted of emails between White House counsel and FERC staff attorneys discussing Plaintiff's earlier FOIA requests.  Def.'s Mot. at 8.  The redacted portions included "opinions, suggestions, and/or recommendations made during the consultation process," including "about the processing of Plaintiff's FOIA requests" and "what type of information could be potentially released."  Templeton Decl. ¶¶ 30, 32.

FERC argues that these redacted portions were "pre-decisional" because the discussions preceded FERC's "final determination of how to respond to Plaintiff's requests." Def.'s Mot. at 8. Because a document is pre-decisional if it was 'prepared in order to assist an agency decision maker in arriving at his decision,' rather than to support a decision already made," *Petroleum Info. Corp.*, 976 F.2d at 1434 (quoting *Renegotiation Bd. v. Grumman Aircraft Eng'g Corp.*, 421 U.S. 168, 184 (1975)), the Court finds this requirement to be satisfied.

Next, FERC argues that the redacted portions were "deliberative" because they consist of discussions regarding how to handle Plaintiff's previous FOIA requests. *See* Def.'s Mot. at 8; Templeton Decl. ¶ 30 ("the redactions cover discussions between attorneys within FERC's OGC and the White House Counsel's Office about the processing of Plaintiff's FOIA requests and the underlying responsive documents related thereto"), ¶ 32 (the redacted portions "reflect opinions, suggestions, and/or recommendations made during the consultation process regarding the FOIA documents responsive to Plaintiff's requests…. [T]he information contained in the communications were used in formulating FERC's response to the Plaintiff, including what type of information could be potentially released related to the equities of another agency…. Information of this type [] is used in the adoption or formulation of an agency response…."). At its most basic, courts have held that a document is deliberative in nature if "it reflects the give-and-take of the consultative process." *Coastal States Gas Corp.*, 617 F.2d at 866. Additionally, to satisfy the "deliberative" requirement, documents must be "part of a process by which governmental decisions and policies are formulated." *Sears, Roebuck & Co.*, 421 U.S. at 150. Plaintiff claims that FERC has failed to satisfy this requirement, stating that Defendant does not describe or even reference any "policy" being deliberated. Pl.'s Opp'n at 7–9.

However, case law in this jurisdiction makes clear that communications that "serve[] to inform the agency's ultimate response" to a FOIA request are "easily characterized as both predecisional and deliberative" within the meaning of Exemption 5.[3] *Nat'l Sec. Couns. v. C.I.A.*, 206 F. Supp. 3d 241, 282 (D.D.C. 2016) (BAH), *aff'd*, 969 F.3d 406 (D.C. Cir. 2020); *see also Whitaker v. Dep't of State*, No. 14-5275, 2016 WL 9582720, at *4 (D.C. Cir. Jan 21, 2016) (summary affirmance of CIA deliberative process withholding based on agency's characterization of withheld documents as "predecisional deliberations by [CIA] personnel regarding . . . the scope of legal exemptions [and] the application of exemptions to particular material….") (emphasis added). The Court finds that discussions regarding potential FOIA redactions are sufficiently "deliberative" for the purposes of Exemption 5's deliberative process privilege.

### b.  Reasonable Certainty

Plaintiff argues that Defendant has not demonstrated the applicability of the deliberative process privilege to the withheld portions of the documents with "reasonable certainty," as is required.

Under federal common law, the proponent bears the burden of demonstrating the applicability of any asserted privilege, including the deliberative process privilege. *In re: Subpoena Duces Tecum Issued to Commodity Futures Trading Comm'n WD Energy Servs., Inc.*, 439 F.3d 740, 750 (D.C. Cir. 2006). To meet that burden, the proponent must establish the claimed privilege with "reasonable certainty." *F.T.C. v. TRW, Inc.*, 628 F.2d 207, 213 (D.C. Cir.

---

[3] Plaintiff cites to *Mayer, Brown & Rowe v. I.R.S.* for the idea that the privilege does not apply, but that case is inapposite. *See* Pl.'s Opp'n at 7 (citing 537 F. Supp. 2d 128, 135–36 (D.D.C. 2008) (RMC) (finding that documents did not satisfy the deliberative process privilege where they "were *not* prepared to assist in the formulation of any agency policy or decision…. They were intended to brief [agency] employees once the Ruling was issued.") (emphasis in original)).

1980).  Specifically, the proponent must adduce competent evidence in support of "each of the essential elements necessary to sustain a claim of privilege."  *Alexander v. F.B.I.*, 192 F.R.D. 42, 45 (D.D.C. 2000) (RCL).  The proponent "must offer more than just conclusory statements, generalized ascertains, and unsown averments of its counsel."  *In re Application of Veiga*, 746 F. Supp. 2d 27, 34 (D.D.C. 2010) (CKK) (citation omitted), *appeal dismissed*, Nos. 10-7143, 10-7144, 10-7147, 10-7148, 2011 WL 1765213 (D.C. Cir. Apr. 18, 2011).

To satisfy this burden, the agency may provide a plaintiff "with a *Vaughn* Index, which must adequately describe each document, state which exemption the agency claims for each withheld document, and explain the exemption's relevance."  *Johnson v. Exec. Office for U.S. Att'ys*, 310 F.3d 771, 774 (D.C. Cir. 2002); *see also Vaughn v. Rosen*, 484 F.2d 820, 827 (D.C. Cir. 1973).  "There is no set formula for a *Vaughn* Index; so long as the agency provides the Court with materials providing a 'reasonable basis to evaluate the claim of privilege,' the precise form of the agency's submission—whether it be an index, a detailed declaration, or a narrative—is immaterial."  *People for the Am. Way Found. v. Dep't of Educ.*, 516 F. Supp. 2d 28, 34 (D.D.C. 2007) (CKK) (citing *Gallant v. Nat'l Labor Relations Bd.*, 26 F.3d 168, 173 (D.C. Cir. 1994)).  More specifically, "an agency may even submit other measures in combination with or in lieu of the index itself," including "supporting affidavits."  *Jud. Watch, Inc. v. F.D.A.*, 449 F.3d 141, 146 (D.C. Cir. 2006).  The agency must also detail what proportion of the information in a document is non-exempt and how that material is dispersed throughout the document. *Mead Data*, 566 F.2d at 261.  In determining whether the agency has met its burden in support of non-production, "the underlying facts are viewed in the light most favorable to the [FOIA] requester," *Weisberg v. D.O.J.*, 705 F.2d 1344, 1350 (D.C. Cir. 1983) (citation omitted).

Plaintiff claims that "FERC's short Vaughn descriptions and its accompanying index, bare of any detail, does not come close to meeting [the agency's] burden." Pl.'s Opp'n at 8. Specifically, Plaintiff argues that Defendant's *Vaughn* Index, or otherwise Carolyn Templeton's declaration, fails to "list[] the names of all senders and recipients of withheld documents," *id.* at 3, "does not allege that the identified record(s) contain(s) any specific deliberation on an identifiable agency decision or that its release would have any chilling effect on agency deliberations," *id.* at 4, and relies on identical and vague justifications for each of its withholdings, *id.* at 6. The Court finds that Plaintiff's arguments have no merit.

First, Plaintiff takes issue with the fact that Defendant's *Vaughn* Index lists only the name of one of the parties to the communication and identifies others just by title. *Id.* at 4. But Plaintiff cites to no binding authority to support the proposition that a *Vaughn* Index must contain the full names of all authors and addressees. *See id.* at 3 (citing case from the United States District Court for Delaware and an order from this Court, in another case, ordering a defendant to issue a new *Vaughn* index with specific information after granting a plaintiff's motion for summary judgment). To the contrary, there is no requirement that a *Vaughn* Index contain the names of all senders and recipients of a withheld document. *See*, *e.g.*, *Reinhard v. D.H.S.*, No. 18-1449, 2019 WL 3037827, at *9 (D.D.C. July 11, 2019) (JEB) (finding *Vaughn* Index adequate and deliberative process privilege to apply even though email sender name was redacted). Here, Defendant's *Vaughn* Index indicates that the documents redacted pursuant to Exemption 5 contain emails between a named individual, Vanessa Le, who was a White House Associate Counsel, and "FERC attorneys." *See generally Vaughn* Index. This information sufficiently describes the "nature of the decisionmaking authority vested" in each email participant so as to allow the Court to determine whether the redacted documents are

predecisional and deliberative in nature.  *Arthur Andersen & Co. v. IRS*, 679 F.2d 254, 258 (D.C. Cir. 1982); *see also Competitive Enter. Inst. v. Dep't of the Treasury*, 308 F. Supp. 3d 109, 118– 19 (D.D.C. 2018) (RMC) (*Vaughn* Index that "fail[ed] to list all senders and recipients of withheld documents" nonetheless "provides sufficient information to allow the Court to find that [agency] properly claimed applicability of Exemption 5.").  Accordingly, the omission of specific FERC attorney names is not grounds for holding Defendant's *Vaughn* Index inadequate.

Plaintiff next argues that Defendant's materials are deficient as they "do[] not allege that the identified record(s) contain(s) any specific deliberation on an identifiable agency decision or that its release would have any chilling effect on agency deliberations."  Pl.'s Opp'n at 4.  But in her declaration, Templeton clearly states that the records contain "discussions between attorneys within FERC's OGC and the White House Counsel's Office about the processing of Plaintiff's FOIA requests and the underlying responsive documents related thereto."  Templeton Decl. ¶ 30. She continues that the release of such information withheld pursuant to Exemption 5's deliberative process privilege "would have an inhibitive effect upon the development of policy and administrative direction of an agency or the sharing of ideas amongst colleagues because it would chill the full and frank discussion between agency personnel regarding a decision," *id.* ¶ 31, and that the disclosure of this information "would create a disincentive in the future for FERC staff to consult or communicate with White House staff (or any executive agency staff)," which would "diminish[]" the agency's ability to adequately respond to FOIA requests, "which ultimately harms the agency's decision-making process" and "hamper[s] the agency's efficiency," *id.* ¶ 33.  Furthermore, Templeton states that "the release of staffs' preliminary assessments and internal discussions could mislead or cause public confusion because such information may not represent the agency's final decision on the matter."  *Id.* ¶ 31.  The Court

finds that this declaration adequately explains what discussions impacting agency decisions are included in the withheld records. *Cf. Machado Amadis v. U.S. Dep't of State*, 971 F.3d 364, 371 (D.C. Cir. 2020).

Plaintiff also argues that Defendant's *Vaughn* Index cannot rely on "identical justifications" for its withholdings nor "describe withholdings in such a non-specific way that the description would apply to virtually any withholding before the court." Pl.'s Opp'n at 8. An agency's justification for withholding or redacting a document only needs to establish the existence of all the "essential elements" of a valid privilege. *Judicial Watch, Inc. v. H.U.D.*, 20 F. Supp. 3d 247, 257 (D.D.C. 2014) (ESH) (citation omitted). Furthermore, the United States Court for the District of Columbia Circuit has explained that "categorization and repetition provide efficient vehicles by which a court can review withholdings that implicate the same exception for similar reasons," and, in fact, "particularity may actually impede court review and undermine the functions served by a *Vaughn* Index." *Jud. Watch, Inc*, 449 F.3d at 147. Accordingly, the fact that Defendant relies on similar justifications for invoking Exemption 5 for numerous documents does not diminish the adequacy of these justifications, and Defendant's justifications on its *Vaughn* Index are detailed enough to satisfy the standard.

This Court finds that Defendant has met its burden of establishing with "reasonable certainty" that the deliberative process privilege applies under FOIA Exemption 5.

### c. Foreseeable Harm

Lastly, the Court must consider whether Defendant FERC has demonstrated foreseeable harm, or in other words, whether it has adequately demonstrated how "disclosure would harm an interest protected by" the deliberative process privilege. 5 U.S.C. § 552(a)(8)(A)(i); *see also Pub. Emps. for Env't Responsibility v. De't of Homeland Secy.*, 575 F. Supp. 3d 34, 49–51 (D.D.C.

2021) (CKK).  Plaintiff challenges whether this foreseeability requirement has been met, *see*

Pl.'s Opp'n at 14–17, but, as Defendant explains, *see* Def.'s Mot. at 11, the chilling effect

described by Templeton and that the Court analyzed above fulfills this requirement.

*     *     *

The Court holds that Defendant has demonstrated that its withholdings under Exemption

5 under the deliberative process privilege were appropriate.  The Court will not address

Defendant's invocation of the attorney work-product privilege under Exemption 5 because

Defendant has sufficiently justified its Exemption 5 withholdings on deliberative process

grounds.  *See Toensing v. U.S. Dep't of Just.*, 999 F. Supp. 2d 50, 55 (D.D.C. 2018) (BAH)

(finding that agency properly invoked Exemption 5's attorney work product privilege and

therefore declining to address agency's other grounds for withholding).

### B. FOIA Exemption 6

In its Motion for Summary Judgment, Defendant also argues that it properly applied

Exemption 6 to redact each of the responsive documents.  *See* Def.'s Mot. at 12–14.  The Court

agrees that these redactions were properly made pursuant to Exemption 6.

Exemption 6 protects information contained in "personnel and medical files and similar

files the disclosure of which would constitute a clearly unwarranted invasion of personal

privacy."  5 U.S.C. § 552(b)(6).  The term "similar files" is construed broadly and is "intended to

cover detailed Government records on an individual which can be identified as applying to that

individual."  *Dep't of State v. Wash. Post. Co.*, 456 U.S. 595, 602 (1982) (citation omitted).

"The threshold is fairly minimal, such that all information which applies to a particular

individual is covered by Exemption 6, regardless of the type of file in which it is contained."

*Concepcion v. F.B.I.*, 606 F. Supp. 2d 14, 25 (D.D.C. 2009) (RMU) (citations and internal

15

quotation marks omitted).  In considering whether an agency has properly invoked Exemption 6, courts must balance the privacy interest in nondisclosure against the public interest in the release of the information.  *Lepelletier v. F.D.I.C.*, 164 F.3d 37, 46 (D.C. Cir. 1999); *see also Dep't of Def. v. F.L.R.A.*, 510 U.S. 487, 497 (1994) ("[T]he only relevant public interest in the FOIA balancing analysis [is] the extent to which disclosure of the information sought would she[d] light on the agency's performance of its statutory duties or otherwise let citizens know what their government is up to.") (citation and internal quotation marks omitted).  "Ultimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears logical or plausible." *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009) (citation omitted).

Defendant FERC's *Vaughn* index indicates that Exemption 6 was applied to all nine of the responsive documents.  *See generally Vaughn* Index.  The Index indicates that the redactions included "names of non-senior staff" and their "contact information."  *See id.*  As Templeton expounds, "[p]ortions of the redacted information… include direct telephone numbers of FERC and White House staff, email addresses or full domains, and the names of lower-level FERC employees."  Templeton Decl. ¶ 38.

### 1.  Balance of Privacy and Public Interests

Plaintiff argues that "it is generally improper to withhold agency employees' names," Pl.'s Opp'n at 10, and that, here, "[t]he identity of FERC's policymakers and attorneys involved in (claimed) policymaking is obviously significant, and a significant public interest outweighs any 'competing interests' in privacy," *id.* at 12.  Case law counsels the opposite result.

Regarding the privacy interest at stake, while federal employees do not have a *per se* expectation of privacy in their names and email addresses, *see, e.g. Kleinert v. B.L.M.*, 132 F. Supp. 3d 79, 96 (D.D.C. 2015) (JDB), courts in this jurisdiction have found the type of personal

information at issue here protectable under Exemption 6, *see Shurtleff v. E.P.A.*, 991 F. Supp. 2d 1, 18–19 (D.D.C. 2013) (EGS) (protecting work email addresses of Executive Office of the President personnel due to significant privacy interest of such individuals in avoiding harassment and unsolicited email); *Walston v. D.O.D.*, 238 F. Supp. 3d 57, 67 (D.D.C. 2017) (EGS) (finding "cognizable privacy interest" in names of low-level federal employees who conducted inquiry related to plaintiff's investigatory complaint) (citation and internal quotations omitted).  Here, as Templeton explains, the release of employees' names and contact information "would subject staff to further annoyance, threats, embarrassment, and harassment in the conduct of their official and private lives."  Templeton Decl. ¶ 38.

On the other side of the ledger—the public interest—plaintiff has failed to "bear[] the burden of establishing a legitimate public interest supporting disclosure which is in line with the core purpose of FOIA, to contribute to greater general understanding of agency practice and procedure."  *Clemmons v. U.S. Army Crime Recs. Ctr.*, No. 05-02353, 2007 WL 1020827 (D.D.C. Mar. 30, 2007) (RCL) (citing *D.O.D. v. F.L.R.A.*, 510 U.S. 487, 495 (1994)).  Plaintiff argues that "[b]y knowing who FERC consults for advice, one will know what sort of learnings and background FERC may currently prize, which will shed light on its future policy direction."  Pl.'s Opp'n at 13.  However, the Court finds the connection between the identity of federal employees and "the agency's performance of its statutory duties" too attenuated to create a public interest that outweighs the employees' privacy interests.  *See Voinche v. F.B.I.*, 940 F. Supp. 323, 330 (D.D.C. 1996) (CRR) (finding that "[t]here is no reason to believe that the public will obtain a better understanding of the workings of various agencies by learning the identities" of the people mentioned in agency documents).  Additionally, the redacted identities include those of "non-senior staff," *see generally Vaughn* Index, which further minimizes how much, if

at all, the disclosure of that information would shed light on the government's inner workings, *see* Def.'s Mot. at 13 (citing *Stonehill v. Dep't of Just.*, No. 19-3770 (RC), 2022 WL 407145, at *20 (D.D.C. Feb. 10, 2022)).  And more broadly, "information that does not directly reveal the operation of activities of the federal government 'falls outside the ambit of the public interest that the FOIA was enacted to serve.'"  *Elec. Priv. Info. Ctr. v. D.H.S.*, 384 F. Supp. 2d 100, 117 (D.D.C. 2005) (RMU) (citing *D.O.J. v. Reps. Comm. for Freedom of Press*, 489 U.S. 749, 775 (U.S. 1989)).  The release of the names and contact information of low-level employees does not directly illuminate the government's operations in a way that serves FOIA's purpose.

Accordingly, because the privacy interests of FERC attorneys in avoiding any unwanted contact or harassment resulting from the release of their names and contact information outweighs any public interest in disclosure, the Court concludes that Defendant properly invoked Exemption 6 for the responsive documents at issue.

### 2.  Foreseeable Harm

As was the case for Exemption 5, the Court must also consider whether Defendant has demonstrated foreseeable harm for Exemption 6.  5 U.S.C. § 552(a)(8)(A)(i).  Plaintiff argues that "FERC never explains why releasing employees' names would cause harm," and that to the extent that Templeton's declaration does allege harm, it is "conclusory."  Pl.'s Opp'n at 15–16.  However, Templeton's explanation that employees would be subject to annoyance, threats, embarrassment, *see* Templeton Decl. ¶ 38, is sufficient to satisfy the foreseeability requirement.  *See, e.g.*, *Ecological Rights Found. v. EPA*, 541 F. Supp. 3d 34, 65–66 (D.D.C. 2021).

*            *            *

Altogether, the Court holds that Defendant FERC has demonstrated that its withholdings under Exemption 6 were appropriate.

**C. Segregability**

Even when some information may be withheld under an exemption, FOIA also requires that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt."  5 U.S.C. § 552(b).  Accordingly, "an agency cannot justify withholding an entire document simply by showing that it contains some exempt material."  *Mead Data*, 566 F.2d at 260.

When a court reviews an agency's segregability determination, the agency is "entitled to a presumption that [it] complied with the obligation to disclose reasonably segregable material." *Hodge v. F.B.I.*, 703 F.3d 575, 582 (D.C. Cir. 2013) (alteration in original) (citation omitted).  A court may rely on the agency's descriptions of the withheld, or redacted, records and its declaration that it has released all segregable information to conclude that the agency has fulfilled its obligation to show with "reasonable specificity" why documents cannot be further segregated.  *Loving v. U.S. Dep't of Defense*, 550 F.3d 32, 41 (D.C. Cir. 2008) (citation omitted). Nevertheless, an agency must provide "a detailed justification and not just conclusory statements to demonstrate that all reasonably segregable information has been released."  *Valfells v. CIA*, 717 F. Supp. 2d 110, 120 (D.D.C. 2010) (RMC), *aff'd*, 666 F.3d 1330 (D.C. Cir. 2011) (citation and internal quotation marks omitted).  "[R]easonable specificity can be established through a "combination of the *Vaughn* index and [agency] affidavits."  *Johnson v. Exec. Off. for U.S. Atty's*, 310 F.3d 771, 776 (D.C. Cir. 2002) (internal quotation marks and citation omitted).

Here, Defendant FERC released all nine responsive documents to Plaintiff with redactions pursuant to Exemptions 5 and 6.  *See* Pl.'s Opp'n Ex. 1 (redacted documents released to Plaintiff in response to FOIA request).  Defendant argues that they properly reviewed each of these nine documents and released all segregable information.  Def.'s Mot. at 15.  To

demonstrate this, Defendant relies on Carolyn Templeton's declaration, in which she affirms that "FERC performed a line-by-line and page-by-page review to identify information exempt from disclosure or for which a discretionary waive of exemption could be applied," and that "[a]ll information not exempted from disclosure pursuant to the FOIA exemptions… was correctly segregated and non-exempt portions were released to ensure that all non-exempt information was correctly segregated and released."  Templeton Decl. ¶¶ 39–40.  Defendant's *Vaughn* Index also notes that all segregable information has been released for each redacted document.  *See generally Vaughn* Index.

Having reviewed all of the redacted documents released to Plaintiff, *see* Pl.'s Opp'n Ex. 2, as well as the declaration by Carolyn Templeton, the Court is satisfied that no reasonably segregable information has been withheld.  *Cf. Juarez v. U.S. Dep't of Justice*, 518 F.3d 54, 61 (D.C. Cir. 2008) (finding affidavit describing page by page review sufficient to demonstrate that "no portions of the withheld documents may be segregated and released"); *Machado Amadis*, 971 F.3d at 371–72 (noting that government agency's "line-by-line review" of documents in responding to FOIA request was sufficient as to segregability responsibilities);

Accordingly, the Court finds that FERC has produced all reasonably segregable, non-exempt information responsive to the FOIA requests forming the basis of Plaintiff's complaints.

### D. Statement of Material Facts

Finally, Plaintiff challenges Defendant's Undisputed Statement of Material Facts as insufficient.  Pl.'s Opp'n at 19–20 (citing Def.'s Statement).

In this jurisdiction, Federal Rule of Civil Procedure 56 is supplemented by Local Civil Rule 7(h)(1), which requires that a "motion for summary judgment be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue,

which shall include references to the parts of the record relied on to support the statement."
LCvR 7(h)(1).  The rule assists the district court to maintain docket control and to decide
motions for summary judgment efficiently and effectively.  *Jackson v. Finnegan*, 101 F.3d 145,
150 (D.C. Cir. 1996) (addressing a prior, but materially identical version of the rule).  "The
procedure contemplated by the rule [] isolates the facts that the parties assert are material,
distinguishes disputed from undisputed facts, and identifies the pertinent parts of the record."
*Gardels v. C.I.A.*, 637 F.2d 770, 773 (D.C. Cir. 1980).

Attached to their Motion for Summary Judgment, Defendant submitted a Statement of
Material Facts as to Which There is no Genuine Dispute, which includes sequentially numbered
paragraphs with citations to the portions of the record on which it relies.  *See generally* Def.'s
Statement.  Plaintiff argues that Defendant's Statement of Material facts is insufficient because
"[D]efendant has listed virtually no facts in its purported Statement of Material Facts Not in
Dispute, [] instead discussing merely the factual background giving rise to this lawsuit."  Pl.'s
Opp'n at 19.  The Court finds that this argument is meritless.

As is required, Defendant properly identified the undisputed material facts in this case
and provided precise citations to Plaintiff's Complaint and Carolyn Templeton's declaration.
*See* Def.'s Reply at 7–8 (stating that its Statement "isolate[s] the material facts, distinguish[es]
disputed from undisputed facts, and identif[ies] the pertinent parts of the record"); *see* Def.'s
Statement.  The Court finds that Defendant's Statement of Material Facts is sufficient to comply
with its obligations under Local Civil Rule 7(h)(1).

**IV. CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Defendant's [17] Motion for Summary

Judgment.  An appropriate Order accompanied this Memorandum Opinion.


/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge