UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INSTITUTE FOR ENERGY RESEARCH, <br><br> *Plaintiff,* <br><br> v. <br><br> FEDERAL ENERGY REGULATORY COMMISSION, <br><br> *Defendants*. | Civil Action No. 1:22-cv-3419 (CKK) |

**MOTION FOR ATTORNEY'S FEES
AND INCORPORATED MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR ATTORNEY'S FEES**

NOW COMES the Plaintiff, pursuant to Fed. R. Civ. P. 54 (d), and moves for an award of its attorneys' fees and costs. In support of this Motion, Plaintiff incorporates the below Memorandum of Law.

**I.      Introduction**

As this Court recently noted in its Memorandum Opinion and Order at ECF No. 21, this case began with two separate FOIA requests, and was initially filed in Texas. After categorically denying, in full, both FOIA requests, and denying, in full, both of Plaintiff's administrative appeals, and after the transfer of this ensuing civil action to the District of Columbia, FERC eventually released in redacted part all nine records it identified as responsive to the requests, but had previously withheld in full.

Although Plaintiff did not successfully obtain release of the full and complete records it sought, because this Court upheld FERC's redactions in the versions the agency did finally relent

1

and release, it is noteworthy that Defendant only brought itself into compliance with the law because the Plaintiff filed litigation. Prior to litigation, each and every word and jot and tittle of every responsive record had been withheld in full, with Defendant claiming that all subsequently released information was "so inextricably intertwined with the deliberative material" that the records could not be redacted as required when this is not the case. The record in this matter shows this was not in fact the case, and the agency had rejected Plaintiff's efforts to force reconsideration, of both requests, through the administrative process. *Id*. at 2-3.

Because Defendant had utterly failed to take even minimal steps before litigation began to issue a lawful "determination," and because the Defendant was forced to abandon its wholesale "withhold everything" approach only on the eve of summary judgment briefing in this Court, the evidence indicates that Defendant ultimately brought itself into compliance with the law only because of this litigation and undersigned counsel's diligence. Plaintiff is therefore entitled to Attorney's Fees.

## II. Standard of Review

This Court "may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred" in any FOIA case where "the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). To recover fees and costs under FOIA, a plaintiff must be both (1) eligible for and (2) entitled to such an award. See *Brayton v. Off. of the U.S. Trade Representative*, 641 F.3d 521, 524, 395 U.S. App. D.C. 155 (D.C. Cir. 2011).

"In the OPEN Government Act of 2007, Congress amended FOIA to clarify that 'a complainant has substantially prevailed if the complainant has obtained relief' through either of the following: '(I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not

insubstantial.'" *Grand Canyon Tr. v. Bernhardt*, 947 F.3d 94, 95, 445 U.S. App. D.C. 39 (D.C. Cir. 2020) (per curiam) (quoting 5 U.S.C. § 552(a)(4)(E)(ii)).

Once a plaintiff has established eligibility, the court proceeds to the entitlement inquiry. *Brayton*, 641 F.3d at 524. There, courts consider four factors: "(1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) the reasonableness of the agency's withholding of the requested documents." *Kwoka v. IRS*, 989 F.3d 1058, 1063, 451 U.S. App. D.C. 200 (D.C. Cir. 2021). "No one factor is dispositive, [but] the court will not assess fees when the agency has demonstrated that it had a lawful right to withhold disclosure." *Id*. at 1064 (cleaned up). Balancing the four entitlement factors is left to the discretion of the district court. *Morley v. CIA*, 894 F.3d 389, 391, 436 U.S. App. D.C. 447 (D.C. Cir. 2018) (per curiam).

This Court has consistently held that time spent preparing an application for fees is itself compensable under fee-shifting statutes. *See, e.g., EPIC v. DHS*, 811 F. Supp. 2d 216, 237 (D.D.C. 2011) ("[H]ours 'reasonably expended' in preparing a fee petition are compensable") and *EPIC v. DHS*, 999 F. Supp. 2d 61, 70 (D.D.C. 2013) (same).

**III.     Argument**

In this case, Plaintiff is both eligible for fees and entitled to fees because Plaintiff prevailed in obtaining records post-litigation which were responsive to its FOIA requests but only after months of litigation and repeated correspondence between counsel including challenging and ultimately overcoming the FERC's categorical denials. Ultimately, FERC produced portions of every single document Plaintiff requested. These documents were withheld for no valid reason but for the demonstrably invalid claim that all non-exempt information was "so inextricably intertwined with the deliberative material" that the records could not be redacted as required when this is not

3

the case; this was so even after the litigation had begun, which litigation itself was necessary only because FERC had failed to reasonably assess Plaintiff's claim that described records could be released in redacted form, much less to produce records, either when the request was received or again on administrative appeal. Because this litigation was necessary to force the agency to ultimately bring itself into compliance with its FOIA obligations, as evidenced by the attached declarations of counsel, Plaintiff is eligible for and entitled to fees.

### a. Plaintiff is eligible for fees.

Plaintiff is eligible for fees because it has substantially prevailed in this litigation. As indicated above, there are two ways in which a plaintiff can substantially prevail: One is by obtaining "a judicial order" and the other is by causing "a voluntary or unilateral change in position by the agency." *Grand Canyon Tr. v. Bernhardt*, 947 F.3d 94, 95, 445 U.S. App. D.C. 39 (D.C. Cir. 2020) (per curiam) (quoting 5 U.S.C. § 552(a)(4)(E)(ii)). In this case, Plaintiff had not obtained a single record before litigation began, such that every record that was ultimately received was obtained because Plaintiff forced the agency to respond to the request at issue in this case. The agency may call its actions "voluntary" because they came without any court order forcing production, though its actions reflect obstinance up to that point, and the releases merely reflect recognition that continued withholding would not succeed. It is clear under the circumstances that litigation sparked the agency's ultimate decision to comply with the law. The agency chose to defend its wholesale withholdings of every jot and tittle of every responsive record and refusal to provide the records in some form even after administrative appeals and litigation being filed, and after requester, agency and judicial time and resources were needlessly expended ultimately abandoned its position rather than defend it in this Court. And to the extent that the Plaintiff was forced to employ counsel not only to file suit, but also to force the imposition of a schedule for

dispositive briefing (which is what ultimately led to the agency's so-called "discretionary" releases), Plaintiff has additionally shown that "voluntary" is a suboptimal description of the agency's fulfillment of its FOIA obligations.

As indicated in in the joint status reports, in the Minute Order dated January 20, 2023, and in this Court's Memorandum and Order at ECF No. 21, this case is in its current posture in which there are no issues other than attorney's fees for adjudication because FERC, post-litigation, ultimately produced the records Plaintiff requested in redacted form but was categorically denied in full, both initially and on administrative appeals. Because Plaintiff obtained this public information only by forcing its release through this litigation, Plaintiff is plainly eligible for fees. Additionally, the ultimate releases came only after this litigation had begun and a schedule for a judicial resolution had been imposed, reasonably suggesting that FERC would likely have remained entirely out of compliance with its FOIA obligations had Plaintiff not elected to file this suit and to pursue its challenges.

### b. Plaintiff is entitled to fees.

Plaintiff is entitled to fees because all four entitlement factors weigh in its favor. Specifically, there is public benefit in the records that were released in this litigation, the Plaintiff has no commercial motive for this litigation, the nature of the Plaintiff's interest in the records was for purposes of public education, and the litigation has revealed that Defendants' position in failing entirely even to provide a determination or in some cases process the request was frivolous to the point that it did not even attempt to defend its position, and instead took immediate steps not to justify that position but instead to moot this litigation by bringing itself into compliance with the law.

The first entitlement factor is "the public benefit derived from the case." *Kwoka v. IRS*, 989 F.3d 1058, 1063, 451 U.S. App. D.C. 200 (D.C. Cir. 2021). In this case, the government revealed extensive information in records released only after litigation began. As explained in the Declaration of Christopher Horner, this includes details of this independent agency coordinating with the White House on what to release or withhold in response to FOIA requests by a party whose scrutiny of the agency had already prompted national media and congressional attention. *Id*. Such information is indisputably public, of interest, and adds value to policy and political debates.

The second entitlement factor is "the commercial benefit to the plaintiff." *Kwoka v. IRS*, 989 F.3d 1058, 1063, 451 U.S. App. D.C. 200 (D.C. Cir. 2021). In this case, Plaintiff is a nonprofit. ECF No. 1, ¶ 4. A nonprofit inherently has no commercial motivation. *Am. Ctr. for Law & Justice v. United States Dep't of Homeland Sec.*, 573 F. Supp. 3d 78, 84 (D.D.C. 2021) ("nonprofit organizations by definition have no commercial interest."). Certainly, this particular Plaintiff had no commercial motivation to obtain these vital and educational government records. This factor therefore weighs in favor of entitlement.

The third entitlement factor is "the nature of the plaintiff's interest in the records." *Kwoka v. IRS*, 989 F.3d 1058, 1063, 451 U.S. App. D.C. 200 (D.C. Cir. 2021). This Court has long held that "FOIA suits which are motivated by scholarly, journalistic, or public interest concerns are the proper recipients of fee awards." *All. for Responsible CFC Policy, Inc. v. Costle*, 631 F. Supp. 1469, 1471 (1986), accord. *Elec. Privacy Info. Ctr. v. United States Dep't of Homeland Sec.*, 218 F. Supp. 3d 27, 45 (D.D.C. 2016). Because Plaintiff is a nonprofit and filed the requests at issue in this case in furtherance of the public interest, ECF No. 1, ¶ 3, this factor weighs in favor of an award of fees. As Plaintiff made clear it its request, attached to the Declaration of Christopher Horner as Exhibit A, the request in this matter was filed "as part of a transparency initiative seeking public records

relating to environmental and energy policy and related activities at various agencies at all levels of government." Indisputably, the records produced ultimately furthered not only Plaintiff's charitable interest in the records, but also the broader interests of the public. Plaintiff concedes that the underlying FOIA requests at issue in this case related to the manner in which other of Plaintiff's FOIA requests were processed, but those requests were also filed for the same charitable and educational purposes, and the nature of the coordination Plaintiff revealed in this case is useful not only for this Plaintiff, but for all others who might seek records from the government.

The fourth entitlement factor is the reasonableness of the agency's withholding of the requested documents. *Id*. As indicated above, while obstinate in its categorical denials for months, in the end the agency did not even attempt to defend its withholdings in this matter, and therefore it is highly unlikely to have believed its positions were reasonable rather than have decided to impede a requester whose inquiries plainly were unwelcome within that agency. Instead, FERC merely took steps post-litigation and to avoid a loss on summary judgment to release in redacted form the records Plaintiff sought, and ultimately to brief only small portions of its initial withholdings. Although the agency ultimately prevailed in defending its redactions, it manifestly did not prevail in defending its initial "deny everything" response to Plaintiff's FOIA request. The agency therefore cannot have been reasonable in withholding these documents in full initially, which is what caused Plaintiff to litigate this case.

Because all four entitlement factors weigh in favor of the Plaintiff, this Court should award fees in the amount reflected in the attached declarations and costs as reflected in this Court's own records.

### c. Plaintiff's fees are reasonable.

Because Plaintiff is both eligible for fees and entitled to fees, Plaintiff must next establish that its attorney's fees were reasonable. As the D.C. Circuit has held, "a fee applicant bears the burden of establishing entitlement to an award . . . and justifying the reasonableness of the rates." *Covington v. District of Columbia*, 57 F.3d 1101, 1107, 313 U.S. App. D.C. 16 (D.C. Cir. 1995). The applicant's assertion "is presumed to be the reasonable fee contemplated by" the statute, and the burden then shifts to the defendant to present "equally specific countervailing evidence" if it seeks a different (presumably lower) rate. *DL v. District of Columbia*, 441 U.S. App. D.C. 67, 70-71, 924 F.3d 585, 588-89 (2019).

Plaintiff's fees are relatively low because Plaintiff litigated this case in an efficient manner and the agency brought itself into compliance with the law before dispositive motions practice could begin. Undersigned counsel have excluded entirely from their billing logs any request for time spent on the ultimately unsuccessful Motion for Summary Judgment, ECF No. 18. The declarations of Christopher Horner and Matthew Hardin are attached hereto and support the reasonableness of the hours expended on this litigation, as follows: 3.8 hours for Christopher C. Horner, and 3.2 hours for Matthew Hardin. Indeed, had the plaintiff not been forced to file the instant Motion, Plaintiff's fees would be even lower: 1.7 hours of the attorney time spent by Matthew Hardin and .7 by Christopher Horner were required only to prepare a fee application after counsel had efficiently resolved the case on its merits.

As to the reasonableness of counsel's requested hourly rates, Plaintiff relies entirely upon the declaration of an expert retained by the U.S. Attorney's Office for the District of Columbia, and the Plaintiff's expectation would be that the Defendant does not intend to contest the accuracy of the government's own retained expert on the issue of reasonableness. The Declaration of Brian T.

Fitzpatrick is attached to the Declaration of Christopher Horner as an exhibit and is incorporated by reference herein, and reflects the following reasonable rates for the attorneys involved in this litigation: $801 per hour for Christopher C. Horner (an attorney admitted to practice in 1991), and $612 per hour for Matthew Hardin (an attorney admitted to practice in 2014).

Applying the foregoing principles, the total amount earned by each attorney in this case is thus $3,043.80 (Christopher C. Horner), and $1,958.40 (Matthew Hardin). The filing fees were $402, as reflected in this Court's own records. Therefore, the aggregate total of all fees and costs due to the Plaintiff is therefore $5,404.20.

### IV. Conclusion

This Court should award Plaintiff its fees and costs in the aggregate amount of $5,404.20 as set forth herein and in the attached declarations.

Respectfully submitted this the 7th day of August, 2024,

/s/Matthew D. Hardin
Mathew D. Hardin
D.C. Bar No. 1032711
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: (202) 802-1948
Email: MathewDHardin@protonmail.com

/s/ Christopher C. Horner

Christopher Cochran Horner
D.C. Bar #440107
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: (202) 262-4458
Email: chris@hornerlaw.com

*Counsel for Plaintiff*